**M. SOBOL, INC., Appellant,**

v.

**A. H. ROBINS COMPANY, Inc., Appellee.**

**No. 881, Docket 35829.**

United States Court of Appeals, Second Circuit.

Argued June 15, 1971.

Decided July 8, 1971.

---

* Hon. William J. Lindberg, United States District Judge, District of Washington, sitting by designation.

Abraham L. Shapiro, New York City (Abraham Schlissel, Stephen L. Fine, David G. Lubell, New York City, of counsel, Shapiro, Schlissel, Shiff, Beilly & Fox, New York City, on the brief), for appellant.

William E. Hegarty, New York City (Marshall H. Cox, Jr., Thomas F. Curnin, Leonard Spivak, Michael P. Tierney, New York City, of counsel, Cahill, Gordon, Sonnett, Reindel & Ohl, New York City, on the brief), for appellee.

Before MOORE and KAUFMAN, Circuit Judges, and TIMBERS, District Judge.*

PER CURIAM:

This is an appeal from a grant of summary judgment against plaintiff in this private antitrust action. The sole rationale for the dismissal was that two releases given by the plaintiff-appellant here, in settlement of the similar actions brought by it against two defendants identified in the instant action as co-conspirators with defendant-appellee, operated to release defendant-appellee as a matter of federal law without regard to the actual intent of the parties to the releases. After the dismissal in this case had been granted, the central proposition of law relied upon by the district court was explicitly repudiated by the Supreme Court in Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971). Accordingly, we are compelled to reverse and remand for further proceedings.

M. Sobol, Inc., the plaintiff-appellant is a drug wholesaler who over the course of several years has brought a series of antitrust actions against individual drug manufacturers. The gist of the complaint against A. H. Robins Co. filed July 21, 1966, which initiated these proceedings, is that Robins, for many years a supplier of pharmaceuticals to Sobol, sometime prior to June 3, 1966 entered into agreements, contracts, combinations, and conspiracies all in restraint of trade, with distributors and unnamed drug manufacturers, pursuant to which Robins unlawfully boycotted and refused to sell its products to Sobol in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1.

In response to interrogatories served by Robins, Sobol later identified the alleged conspiring manufacturers as including Warner-Lambert Pharmaceutical

---

* Chief Judge of the District of Connecticut, sitting by designation.

Co. and Bristol Laboratories, Division of Bristol Myers Co. Sobol had previously brought antitrust actions against both Warner and Bristol on March 16, 1965, and February 8, 1966, respectively, asserting in each instance that the defendant had terminated its distributorship with Sobol pursuant to an illegal conspiracy with other distributors. Both actions were terminated when plaintiff delivered to Warner on March 11, 1968, and to Bristol on April 8, 1969, general releases for a stated consideration, releasing Warner and Bristol from all claims of any manner arising prior to the dates of the respective releases.

On November 13, 1970, Judge McLean granted Robins' motion for summary judgment, reasoning that as a matter of federal law a general release in favor of one joint tortfeasor executed after the initiation of an action against a second joint tortfeasor automatically released both joint tortfeasors with respect to torts for which the plaintiff had alleged joint liability, at least where, as here, the general release lacked any reservation of rights. But, Robins now concedes that the Supreme Court in Zenith Radio Corp. v. Hazeltine Research, Inc., *supra*, 401 U.S. at 343–49, 91 S.Ct. at 810, 28 L.Ed.2d at 95–98, expressly repudiated the doctrine relied upon by Judge McLean and indeed by the Court of Appeals for the Seventh Circuit in *Zenith* itself, referring to it as a "trap for unwarry plaintiffs' attorneys." In reversing the Court of Appeals in *Zenith*, the Court ruled "that a party releases only those other parties whom he intends to release."

Because Judge McLean disposed of this case on a motion for summary judgment, neither party had an opportunity to introduce evidence with respect to the issue in controversy—the actual intent and understanding of Sobol, Bristol, and Warner, when the two releases were executed. Robins was named neither as a co-defendant nor co-conspirator in the actions against Warner and Bristol nor was it referred to in any respect in the releases that terminated those suits. The intent of the parties to the releases presents a "genuine issue for trial," F. R.Civ.P. 56(c) and the grant of summary judgment premised on the mere existence of the releases accordingly must be reversed and the case remanded.